IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATHONI A. BARRETT,
Inmate No. B08822,
      Plaintiff,
vs.                               Case No.: 3:19cv3556/RV/EMT

WARDEN PORDIDUZ, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Plaintiff commenced this civil rights action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). By order of this court dated October 3, 2019, Plaintiff was given thirty (30) days in which to either submit a completed motion to proceed in forma pauperis on the court-approved form or pay the filing fee (ECF No. 3). Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis by the deadline; therefore, on December 11, 2019, the court issued an order requiring Plaintiff to show cause, within thirty (30) days, why this action should not be dismissed for failure to comply with an order of the court (ECF No. 5). The court advised that failure to comply with the order would result in a recommendation of dismissal of the action. The time for compliance with the show cause order has

now elapsed, and Plaintiff has failed to file pay the filing fee or submit a motion to proceed in forma pauperis.   The case thus should be dismissed.

In addition, on November 4, 2019, Plaintiff filed a motion for an extension of time, requesting that the court grant him an additional six months in which to file an amended complaint because he has not exhausted his administrative remedies and needs additional time in which to do so (ECF No. 4).   Title 42 U.S.C. § 1997e provides, in relevant part, that "[N]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a   prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   Exhaustion of all available administrative remedies is a mandatory pre-condition to suit.   *Booth v. Churner*, 532 U.S. 731, 739 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").   The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.   *Porter*,   534 U.S. at

524.   Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.   *Booth*, 532 U.S. at 734.

The exhaustion requirement is not subject to waiver by a court, or futility or inadequacy exceptions.   *Booth*, 532 U.S. at 741 n.6; *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).   Nor is a court allowed to continue a case pending exhaustion.   *Alexander*, 159 F. 3d at 1324–26 (holding that there is no discretion to waive the exhaustion requirement or provide continuances in the event a claim was not exhausted prior to filing suit).   Plaintiff's complaint involves the conditions of his confinement, and Plaintiff acknowledges he has not exhausted his administrative remedies.   The suit therefore is due to be dismissed for the additional reason that Plaintiff failed to exhaust his administrative remedies.

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court and failure to exhaust his administrative remedies.

2. That the clerk be directed to close the file.

3. That all pending motions be denied as moot.

At Pensacola, Florida, this <u>15</u><sup>th</sup> day of January 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**